CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA

JAN 13 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NORMAN BONDS, | ) | |
| Plaintiff, | ) | Civil Action No. 7:09-cv-00517 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DR. EMRON, et al., | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Plaintiff, Norman Bonds, brings this action pursuant to 42 U.S.C. § 1983, alleging that, while at Coffeewood Correctional Center ("Coffeewood"), the defendants failed to provide him adequate medical treatment. As relief, Bonds seeks an injunction ordering the defendants to provide him medical treatment. By previous order, dated December 29, 2009, the court conditionally filed this action and asked Bonds to provide financial documentation, demonstrate exhaustion, and amend his complaint to particularize the facts of his claim. In response to the court's order, Bonds filed a motion for an extension of time to comply and indicated that he has been transferred to Lawrenceville Correctional Center ("Larenceville"). Inasmuch as Bonds has been transferred, the court finds that his claim for injunctive relief against Coffeewood employees is moot and, therefore, dismisses his complaint without prejudice.

I.

Claims for injunctive relief become moot when a prisoner is no longer subjected to the condition of which he complains. See e.g., Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (prisoner's transfer rendered moot his claims for injunctive and declaratory relief); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) (holding that transfer of a prisoner rendered moot his claim for injunctive relief); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986) (holding that transfer made moot claim for injunctive relief); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983). In this

case, Bonds has been transferred to Lawrenceville and, therefore, no longer requires an injunction directing the Coffeewood defendants to provide him medical treatment. Accordingly, Bonds' request for injunctive relief is now moot.[1]

### III.

For the reasons stated, the court will dismiss Bonds' complaint without prejudice.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and Order to plaintiff.

ENTER: This 13TH of January, 2010.

_____
United States District Judge

---

[1] The court notes that if Bonds believes that he is still not receiving adequate medical treatment at Lawrenceville, he may refile his claims against the appropriate defendants in a separate civil rights action after he has fully exhausted his administrative remedies at Lawrenceville. The court further notes that, inasmuch as Lawrenceville is located Brunswick County, a § 1983 action against Lawrenceville defendants would be appropriately filed in the U.S. District Court for the Eastern District of Virginia.